WILLS—UNDUE INFLUENCE—EVIDENCE.
    A testator divided his estate equally among his four children and two grandchildren. A few days later he made a second will, and divided his estate into five shares only, giving one of them to be divided between the two grandchildren. The four children lived with testator, and had complained of the discrimination in favor of the grandchildren in the first will, and wished a new will made. At intervals between the making of the two wills, testator had complained that his children were annoying him about family matters. The second will made more liberal provisions for the grandchildren than the children wished. *Held*, that the second will was not procured by undue influence.

In the matter of the contest of the will of Richard McGill, deceased. Decree against contestants.

Shaw, Baldwin & Stotesbury and James M. Fisk, for contestants McGill.

Gilbert W. Minor and John C. West, for contestants special guardians.

ARNOLD, S. The testator died at his home, in the city of New York, on November 22, 1897, a widower, being then of an age between 70 and 73 years; leaving an estate, consisting of both realty and personalty, to the value of about $60,000. He executed two wills in the preceding August, on the 7th and 13th days of that month, respectively. Both of these instruments have been presented for probate, and each has been the subject of contest here. It has been claimed by the proponent of the later will that it operated as a revocation of the earlier one, and by the proponent of the latter that the execution of the former was procured by undue influence exercised upon him by his children. There are additional allegations putting at issue the due execution of these papers, but the proofs offered in respect to such execution leave no doubt that in each case all statutory requirements were fulfilled; and this is

so, also, in respect to the mental competency of the testator on each occasion. Upon the testimony taken in support of the first will, it would have to be admitted to probate, had there been no later one. The only question seriously raised in respect to the validity of the later will is upon the issue of undue influence. The will of August 7th gives all the testator's estate, real and personal, in equal shares, to his four surviving children and his two grandchildren, the issue of a deceased daughter; and the executor named is the attorney who drew, and was one of the subscribing witnesses to, the instrument. The will of August 13th gives all his estate to his said four children and two grandchildren, each of the children to take one equal share, and the grandchildren to take one equal share between them, which the testator terms the share of their deceased mother, which disposition of his property is the same as would, under the laws of this state, have been made had he died intestate. In the earlier will the provision for the grandchildren was more liberal, as he gave each of them as much as he gave to any one of his children. The evidence taken makes it quite certain that this discrimination in their favor in the first will was intentional, and its results fully understood on the part of the testator, who gave his reasons therefor to the draftsman, in instructing him as to the provisions of the paper. All the beneficiaries, except the grandchildren (who are minors under 14 years of age), resided with the testator, and it was to their interest that such discrimination should not be made; and their situation unquestionably gave them the opportunity, if they had the disposition to avail themselves thereof, to attempt to influence their father to change his will. Evidence has been introduced on behalf of the contestant of the second will which tends to show that some of the children expressed their dissatisfaction with the provisions of the first will, both in and apart from the presence of the testator, that they wished a new will to be made, and that they claimed that he had said that he would only leave the grandchildren $1,000 each; but the provision of the new will was much more favorable to them. It is also shown that the testator, in the interval between the execution of the respective wills, complained that his children had been annoying him about family matters, but he did not state any fuller details. Upon the whole case, it seems quite probable that the complaints of the children in respect to the provision originally made for the grandchildren had some effect in bringing about the conclusion of the testator to execute a new will which gave them less. He evidently, however, made more liberal provision for them than the children wished him to do. The draftsman of the second will was not, so far as appears, previously acquainted with any of the beneficiaries, nor acting in their interest; and his evidence shows that the testator fully comprehended what he was doing, and gave his instructions in respect to the disposition he then desired to make of his property quite as clearly as he had done when instructing the draftsman of the former will. I cannot find that he did not make the change voluntarily and understandingly, nor that he was so dominated by his children that he was forced to make it

against his will. Persuasion and argument may be used by interested parties without incurring the charge of undue influence, and there is no proof that in this case there was anything more.

A decree may be presented admitting to probate the will of August 13, 1897. Probate of the will of August 7, 1897, is denied. Decreed accordingly.